# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER R. SOTO,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK,<br><br>    Respondent. | Case No.: 1:21-cv-0691 JLT HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 1, 17) |

Alexander R. Soto is a state prisoner proceeding pro se with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising grounds for relief related to: (1) Petitioner's sixth amendment right to present his defense and testify on his own behalf due to an objection sustained during his testimony, (2) the trial court's failure to instruct on vehicular manslaughter as a lesser included offense to murder, and (3) inability to present a complete defense due to the trial court's failure to instruct on vehicular manslaughter. (*See generally* Doc. 1 at 9-20.) The magistrate judge observed that Petitioner raised each ground on direct appeal, and found each ground was exhausted. (Doc. 22 at 10.)

The magistrate judge found that Petitioner was "not entitled to relief on Ground One," because the record demonstrated "Petitioner had the opportunity to testify and put on a full defense." (Doc. 22 at 17.) The magistrate judge determined any error by the trial court in sustaining the prosecution's objection to a question posed to Petitioner on direct examination—as

1  to whether Petitioner thought someone could get hurt while he was driving—was a harmless error
2  and "did not have a substantial and injurious effect or influence the jury's verdict." (*Id.* at 15; *see*
3  *also id.* at 10-17.) The magistrate judge determined the state's "denial of Petitioner's claim was
4  neither contrary to, nor an unreasonable application of, clearly established federal law as
5  determined by the United States Supreme Court nor based on an unreasonable determination of
6  the facts in light of the evidence presented." (*Id.* at 17.)
7        The magistrate judge also found Grounds Two and Three in the petition, related to jury
8  instructions, were "without merit." (Doc. 22 at 20, 22; *see id.* at 17-22.) As an initial matter, the
9  magistrate judge found "this Court is bound by the state court's conclusion that the vehicular
10 manslaughter instruction was not required under state law." (*Id.* at 18, citing *Bradshaw v. Richey*,
11 546 U.S. 74, 76 (2005).) In addition, the magistrate judge agreed with Respondent that "Ground
12 Two fails to state a cognizable federal habeas claim because Petitioner cannot show that the state
13 court's decision was contrary to clearly established federal law." (*Id.* at 20.) Similarly, the
14 magistrate judge found Ground Three was "not cognizable on federal habeas review" because
15 "there is not a federal constitutional right to instructions on lesser included offenses in non-capital
16 cases, and even less of a right to instructions on lesser related offenses." (*Id.* at 21, citing
17 *Hopkins v. Reeves*, 524 U.S. 88 (1998).) The magistrate judge explained, "[b]ecause no clearly
18 established Federal law exists to support the proposition that Petitioner's right to a complete
19 defense includes the right to a jury instruction, relief is unavailable under AEDPA." (*Id.* at 22.)
20       The magistrate judge also considered whether the Court should issue a certificate of
21 appealability. (Doc. 22 at 22.) The magistrate judge observed, "[a] petitioner seeking a writ of
22 habeas corpus has no absolute entitlement to appeal; he may appeal only in limited
23 circumstances." (*Id.*, citing 28 U.S.C. § 2253, *Miller-El v. Cockrell*, 537 U.S. 322, 335-36
24 (2003).) The magistrate judge also noted the Court will not issue a certificate of appealability
25 "unless a petitioner makes 'a substantial showing of the denial of a constitutional right.'" (*Id.*,
26 quoting 28 U.S.C. § 2253(c)(2).) Because Petitioner did not carry this burden to make a
27 substantial showing of the denial of a constitutional right, the magistrate judge recommended the
28 Court decline to issue a certificate of appealability. (*Id.*)

The Court served the Findings and Recommendations upon Petitioner and informed Petitioner that the "failure to file objections within the specified time may result in the waiver of certain rights on appeal." (Doc. 22 at 22-23, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) The Court granted several extensions of time for Petitioner to file objections—totalling more than five months—and ordered Petitioner to submit any objections "no later than February 24, 2025." (Doc. 33 at 2 [emphasis omitted]; *see also* Docs. 25, 27, 29, 31, 33.) Petitioner did not file objections by the deadline ordered, and the time to do so has expired.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. In addition, reasonable jurists would not find the Court's denial of the petition debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. As the magistrate judge found, Petitioner did not make the required substantial showing of the denial of a constitutional right. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 4, 2024 (Doc. 22) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.
3. The Court declines to issue a certificate of appealability.
4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:    **March 7, 2025**

UNITED STATES DISTRICT JUDGE

3